UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANN DURHAM,<br><br>      Plaintiff<br><br>v.<br><br>BLUE CROSS and BLUE SHIELD<br>of MASSACHUSETTS, INC. and<br>LUMBERMENS MUTUAL CASUALTY<br>COMPANY,<br><br>      Defendants | NO. 05-CV-1 1882-WGY |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
## TO THE PLAINTIFF'S AMENDED COMPLAINT

Defendants, BLUE CROSS and BLUE SHIELD of MASSACHUSETTS ("BCBSMA"), AND LUMBERMENS MUTUAL CASUALTY COMPANY ("Lumbermens"), for their answer and affirmative defenses to the plaintiff's complaint state as follows:

1. The Plaintiff, Ann Durham, is a resident of the Commonwealth of Massachusetts. Her home address is 45 Poole Avenue, Brockton, MA. 0230L.

**ANSWER:** The defendants lack knowledge or information sufficient to form a belief as to the belief of the allegations of Paragraph 1.

2. The Defendant Blue Cross and Blue Shield of Massachusetts, Inc (hereinafter BCBSMA). is a Massachusetts Corporation with a principal place of business at 100 Summer Street, Boston, MA.

**ANSWER:** The defendants deny the allegations of Paragraph 2. Further answering, the defendants state that BCBSMA is a non-profit hospital and medical services corporation

organized under G.L. cc. 176A, B. with its principal place of business at the Landmark Center, 401 Park Drive, Boston, Massachusetts.

       3.    The Defendant Lumbermens Mutual Casualty Company is the Long Term Disability (LTD) carrier for the Defendant BCBSMA. It is a Delaware Corporation doing business in the Commonwealth of Massachusetts with a principal place of business located at 1 Kemper Drive, Long Grove, IL 60049-0001. Its Agent for the Service of Process of this Complaint is David F. Schmidt, Esq. Chittendon[sic], Murday, & Novotny, 303 West Madison, Avenue, Chicago. IL 60606.

**ANSWER:** The defendants admit the allegations of Paragraph 3, except that they deny David F. Schmidt was Lumbermens' agent for the service of process or that Lumbermens is a Delaware corporation. Further answering, the defendants state that Mr. Schmidt was authorized to and has executed a Rule 4 waiver of service form on behalf of Lumbermens and that Lumbermens is an Illinois corporation.

## JURISDICTION AND VENUE

       4.    This Honorable Court has original jurisdiction over this matter pursuant to 29 U.S.C. 1132(f) and 28 U.S.C. sec. 1331.

**ANSWER:** The defendants admit the allegations of Paragraph 4.

       5.    Venue in this Court is proper pursuant to 28 U.S.C. sec. 1391(b) and (e) in that the Plaintiff resides and the Defendant BCBSMA does business in the Eastern District of Massachusetts and all of the events or omissions giving rise to the claims occurred in the Eastern District of Massachusetts.

**ANSWER:** The defendants admit the allegations of Paragraph 5, except that they deny there were any "omissions" which give rise to any claims in this matter.

## FACTS

       6.    The Plaintiff was and shall be employed by BCBSMA as Associate / Representative II during the period from September, 1997 until the termination of the two year social security eligibility period on December 31, 2005.

**ANSWER:** The defendants admit the allegations of Paragraph 6.

7. As an employee of the Defendant, BSBSMA she was a participant and intended beneficiary of the Long Term Disability Plan funded by the Defendant, Lumbermens Mutual Casualty Company. The premiums for her participation in the plan were deducted from her payroll each week.

**ANSWER:** The defendants admit the allegations of Paragraph 7.

8. On or about July 18, 2003 the Plaintiff was disabled and prevented from performing her assigned work duties as a result of a severe pulmonary disorder.

**ANSWER:** The defendants admit the allegations of Paragraph 8.

9. Under the terms of the BCBSMA Long Term Disability Plan as funded by the Defendant Lumbermens Mutual Casualty Company the Plaintiff became eligible to receive benefits under that plan on January 16, 2004.

**ANSWER:** The defendants admit the allegations of Paragraph 9. Further answering, the defendants state that the plaintiff was no longer disabled as defined by the Plan as of November 1, 2004.

10. Her application for said benefits was denied by the Defendant Lumbermens Mutual Casualty Company although adequate medical evidence was presented to substantiate her claim.

**ANSWER:** The defendants deny the allegations of Paragraph 10.

11. The Plaintiff's appeal of the denial of her claim for LTD benefits was denied by the Defendant, Lumbermens Mutual Casualty Company on January 17, 2005.

**ANSWER:** The defendants admit the allegations of Paragraph 11, except that they deny the appeal was denied by Lubmermens. Further answering, the defendants state that the appeal was denied by the LTD Plan's claims administrator, Broadspire Services, Inc. ("Broadspire").

### COUNT I

12. The Plaintiff Ann Durham, restates the allegations contained in paragraphs 1 through 11 as if specifically included herein.

**ANSWER:** The defendants repeat and reallege their answers to Paragraphs 1-11 as

3

their answer to Paragraph 12.

13. As a participant and intended beneficiary the Plaintiff was entitled to the payment of Long Term Disability benefits by the BCBSMA plan as funded by Lumbermens Mutual Casualty Company.

**ANSWER:** The defendants admit the allegations of Paragraph 13 only to the extent that a participant is entitled to Plan benefits so long as she meets the Plan's definition of disability, and deny the remaining allegations of Paragraph 13.

14. Adequate medical documentation was provided by the Plaintiff to demonstrate that she met the definition of "Disability" pursuant to the BCBSMA LTD policy.

**ANSWER:** The defendants admit that the plaintiff met the Plan's definition of disability up through October 31, 2004, and deny the remaining allegations of Paragraph 14.

15. The denial of her application and appeal makes her eligible "to recover benefits due her under the terms of her plan and to enforce her rights under the terms of the plan" pursuant to 29 USC 1132 (a)(1)(B).

**ANSWER:** The defendants deny the allegations of Paragraph 15.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The plaintiff's complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The denial of the plaintiff's claim for disability benefits cannot be overturned unless the plaintiff establishes that the claims administrator's decision was arbitrary and capricious.

### THIRD AFFIRMATIVE DEFENSE

Any benefits to which the plaintiff may be entitled must be reduced by the amount of Social Security or other income benefits received by the plaintiff.

WHEREFORE, defendants, Blue Cross and Blue Shield of Massachusetts and

Lumbermens Mutual Casualty Company, respectfully request that this Court dismiss the plaintiff's complaint with prejudice and award to them their costs and attorney's fees in defending this suit.

                                              BLUE CROSS and BLUE SHIELD of MASSACHUSETTS, INC. and LUMBERMENS MUTUAL CASUALTY COMPANY

                                              By their attorneys:

DATED: January 24, 2006

                                              Edward S. Rooney, Jr.
BBO No. 426840
ECKERT SEAMANS CHERIN & MELLOTT, LLC
One International Place, 18th Floor
Boston, MA 02110
(617) 342-6800

OF COUNSEL:

David F. Schmidt
CHITTENDEN, MURDAY & NOVOTNY LLC
303 West Madison Street, Suite 1400
Chicago, IL 60606
312-281-3600

**CERTIFICATE OF SERVICE**
I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on 1/26/06
By: _____

5